IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NORFOLK SOUTHERN RAILWAY CO.,   )
                                )
        Plaintiff,               )
                                )
v.                              )
                                )   CASE NO. CV407-155
BRAMPTON ENTERPRISES, LLC       )
d/b/a SAVANNAH RE-LOAD,         )
                                )
        Defendant.               )
                                )

## O R D E R

Before the Court is the Parties' Joint Motion for Certification of Order Granting Relief from Judgment. (Doc. 78.) In this Motion, the Parties request that this Court certify to the Eleventh Circuit Court of Appeals that, upon remand, this Court will vacate its prior judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). After careful consideration, the Parties' Motion is **DENIED**.

On October 11, 2007, Defendant filed this action, alleging that Plaintiff is liable for demurrage due to Plaintiff's failure to timely unload and return rail cars. Prior to the close of discovery, Defendant filed a Motion for Summary Judgment (Doc. 25) and Plaintiff filed a Motion for Partial Summary Judgment (Doc. 29). In its September 15, 2008 Order, this Court granted Defendant's Motion and

denied Plaintiff's Motion. (Doc. 68.) Plaintiff filed a timely notice of appeal from this Court's Order (Doc. 70) and began mediating the dispute while the appeal was pending.

On December 12, 2008, the Parties notified this Court that they had reached a conditional settlement agreement during mediation.[1] According to the Parties, the settlement agreement is contingent on this Court vacating its prior Order granting Defendant's Motion for Summary Judgment.

Federal Rule of Civil Procedure 60(b)(6) allows a district court to relieve a party from a final judgment, for any reason not otherwise enumerated in the rule, in order to accomplish justice. See Fed. R. Civ. P. 60(b)(6), Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006), Nisson v. Lundy, 975 F.2d 802, 806 (11th Cir. 1992). However, the party requesting relief "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'" Cano, 435 at 1342 (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000)).

In this case, the Court finds that the Parties have not demonstrated extraordinary circumstances that would justify this Court vacating its prior judgment. In fact,

---

[1] On January 27, 2009, The Eleventh Circuit Court of Appeals stayed the appeal pending this Court's ruling on the Parties' Motion presently before the Court. (Doc. 79.)

the Parties' only basis for relief under Rule 60(b)(6) is that the finality of their settlement agreement is predicated on this Court vacating its prior judgment. That basis, however, is woefully insufficient.

Federal district courts adjudicate cases and controversies. In so doing, they help to refine and move forward a body of law that other litigants and jurists can rely on in adjudicating future disputes. Plaintiff and Defendant came before this Court and asked it to adjudicate a dispute they had been unable to resolve, and it is the business of this Court to accommodate their request. This Court is not inclined to now vacate its prior Order simply because the Parties were unhappy with the Court's analysis of the legal issues involved.[2] The Parties invoked the Court's jurisdiction, and should not be granted relief from its legal analysis simply because they disliked the Court's resolution of their dispute. To do so would mean this Court is shirking its responsibility to contribute to the jurisprudence in this area of law when it is presented with, and asked to resolve, a justiciable dispute by adverse litigants.

---

[2] The Court notes that the existence of a judgment from this Court dismissing Plaintiff's Complaint does not prevent the Parties from settling this dispute on appeal.

3

In carrying out its vocation, the Court was required to rule on the merits of the Parties' Motions for Summary Judgment.[3] The Parties have failed to identify, and the Court is not aware of, any change in circumstance that would alter the Court's assessment of the relative merits of the Parties' Motions for Summary Judgment. This appears to be a case of "buyer's remorse" by the Plaintiff. After availing itself of the judicial processes offered by this Court, it is now unhappy with the outcome. However, Plaintiff's displeasure with the Court's assessment of the legal issues in the case is insufficient to convince this Court that its prior Order should be withdrawn—<u>caveat emptor</u>. Similarly, Defendant's willingness to accept payment so that this Court's jurisprudence can be written out of the law fails to alter this Court's view of the merits of the Motions for Summary Judgment. The Parties have failed to convince this Court of the existence of a sufficiently significant justification for this Court to

---

[3] The Court notes that this issue must have, at one time, been of extreme importance to the Parties—they filed over 500 pages of briefs relating to this issue. (<u>See</u> Docs. 26, 27, 30, 31, 32, 42, 44, 46, 47, 51, 55, 60, 61, 64, 65, & 67.) Therefore, the Court finds it odd that the Parties now request that this Court vacate the Order resolving the issue, particularly when the Court was required to spend considerable resources in assessing the relative merits of the Parties' arguments.

exercise its discretion and render its prior reasoning null and void.

In conclusion, the Court notes that the settlement of legal disputes is not a mere avocation for this Court, it is a solemn obligation that should not be thrust aside simply because one or more Parties are dissatisfied with either the reasoning employed by the Court or the effect of its judgment. Accordingly, the Parties' Motion is **DENIED**.

SO ORDERED this 2ND day of February, 2009.

WILLIAM T. MOORE, JR. CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA